IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBYN M. BARTMAS           )
                           )
    Plaintiff,             )
                           )
 -vs-                      )   Civil Action 19-133
                           )
ANDREW M. SAUL,            )
                           )
    Defendant.             )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Robyn M. Bartmas ("Bartmas") seeks review of a decision denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1318-1383. Bartmas filed her application in June 2015 alleging an onset of disability on April 8, 2011. (R. 16) Her claim was denied initially. Following a hearing during which both Bartmas and a vocational expert ("VE") appeared and testified, the ALJ denied benefits. Ultimately this appeal followed. The parties have filed Cross Motions for Summary Judgment. *See* ECF Docket Nos. 13 and 16. For the reasons set forth below, the ALJ's decision is affirmed.

### Opinion

I.   Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is

1

based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are

supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. The ALJ's Decision

The ALJ denied benefits at the fifth step of the analysis. More specifically, at step one, the ALJ found that Bartmas has not engaged in substantial gainful activity since the application date. (R. 18) At step two, the ALJ concluded that Bartmas suffers from the following severe impairments: fibromyalgia with osteoarthrosis, carpal tunnel syndrome, migraines, asthma and allergic rhinitis, degenerative disc disease, mood and bipolar disorders, and anxiety disorders. (R. 18-19) At step three, the ALJ determined that Bartmas did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 19-22) Between steps three and four, the ALJ decided that Bartmas had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 22-30) At the fourth step of the analysis, the ALJ concluded that Bartmas was unable to return to her past relevant work. (R. 30) Ultimately, at the fifth step of the analysis, the ALJ concluded that, considering Bartmas's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that she could have performed. (R. 30-31)

III. Discussion

(1) Step Two – Vision Impairment

Bartmas challenges the ALJ's conclusion at step two that her vision impairment did not constitute a severe impairment. The ALJ evaluated Bartmas's claim in this respect but rejected it. Discussing Bartmas's medical records, the ALJ noted that:

> [t]he claimant has a history of treatment for eye impairments, but for the following reasons, there are no severe vision issues during the period relevant to this decision. The claimant has a history of treatment for vision issues, including surgery (C10F, C24F, C25F, C26F, C35F), but all of this treatment pre-dated the period relevant to this decision. As of July 2015, the claimant's vision issues were described as stable, and the claimant was described as "doing well." While she was noted to have developed a cataract, it was described as asymptomatic (C10F/5). She has not provided evidence of any additional treatment specific to vision issues since then, nor do the physical examinations she has had reference complaints of or objective findings related to vision limitations. The record does not reflect more than minimal vision limitations during the period relevant to this decision.

(R. 18) The ALJ's decision is supported by substantial evidence in this regard. Dr. Santora examined Bartmas in July 2015, shortly after Bartmas filed for disability, and opined that Bartmas was "doing well" and that her glaucoma was "stable." (R. 448) Further, Santora noted that he discussed Bartmas's pseudophakia diagnosis "in detail" with her; that her "IOL(s) are clear and in good position" and that Bartmas was instructed to call with any change or decrease in VA." (R. 448) With respect to her cataracts, Santora noted that they were asymptomatic and that treatment "is not necessary at this time." (R. 448) Further, the state agency medical consultant indicated that Bartmas had no vision limitations. (R. 118-23) Consequently, there is no basis for remand on this issue.

Additionally, even accepting Bartmas's position as correct for purposes of argument, such error was harmless because the ALJ found that Bartmas suffered from other impairments which did qualify as "severe." In other words, the ALJ did not end the analysis at the second step. *See Salles v. Commissioner of Soc. Sec.*, 229 Fed. Appx.

4

140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salle's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing*, Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005). *See also, Roberts v. Astrue*, Civ. No. 8-625, 2009 U.S. Dist. LEXIS 91559, at * 5 (W.D. Pa. Sept. 30, 2009) and Bliss v. Astrue, Civ. No. 8-980, 2009 WL 413757 (W.D. Pa. Feb. 18, 2009). Accordingly, any alleged error was harmless, and Bartmas's contentions are rejected.

(2) Treating Physician Opinions

Bartmas also contends that the ALJ improperly weighed medical opinions. For claims such as Bartmas's that were filed before March 27, 2017, a treating physician's opinion should be given "controlling weight" provided that the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence of record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). *See also,* Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2010). "The ALJ may not reject a physician's findings unless she first weighs the findings against other relevant evidence and explains why certain evidence has been accepted and other evidence rejected." Scandone v. Astrue, Civ. No. 05-4833, 2011 WL 3652476, at *7 (E.D. Pa. Aug. 18, 2011). Of course, "[t]he law is very clear … that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Chandler v. Commissioner of Social Security, 667 F.3d 356, 361 (3d Cir. 2011), *quoting,* Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir. 2011). Additionally, opinions proffered by state agency medical and psychological consultants merit significant consideration as well

5

because they are considered experts in the Social Security disability programs.

*Chandler*, 667 F.3d at 361, *citing*, 20 C.F.R. §§ 404.1527(f), 416.927(f).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3rd Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Soc. Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238, at * 5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r. of Soc. Sec.*, 577 F.3d 500, 505 (3d Cir. 2009).

Here, Bartmas contends that the ALJ erred in failing to follow the standard above with respect to the opinions rendered by Dr. Sargent and Dr. Jopindar Harika. I find that the ALJ weighed all of the opinions in consideration with all of the evidence of record and that there is no basis for remand. For instance, the ALJ's discounting of the Pennsylvania Department of Public Welfare Medical Assessment Forms that Sargent completed between August 19, 2010 and November 16, 2017 as well as the physical capacity evaluation he completed on November 16, 2017 is consistent with the

regulations. *See* 20 C.F.R. § 416.904.[1] The ALJ explained, "those forms were completed for programs other than Social Security disability … and, as such, they are unpersuasive in establishing the limitations in functioning adopted herein." (R. 27) Further, the opinions were devoid of any functional assessments and, as the ALJ noted, Sargent's statements that Bartmas was "disabled" is a legal conclusion reserved for the Commissioner. *See* 20 C.F.R. § 416.927(d)(3). (R. 563-89) These are appropriate reasons for discounting Sargent's statements. The ALJ also adequately discussed and supported his decision to reject Sargent's opinion that Bartmas would miss 15 to 20 days of work per month and that she required a rolator / wheelchair. (R. 18) As the ALJ explained, the record indicated that Bartmas needed an assistive device only following an acute injury and that longitudinal records did not support the need for an assistive device thereafter. (R. 18) Similarly, the ALJ explained that Bartmas presented with normal strength, balance, cranial nerves, range of motion, reflexes and gait during examinations. (R. 18, 27, 350, 352, 491, 504) Any "flares" which Bartmas displayed were occasional and did not have record support for a conclusion that they would require Bartmas to miss 15 to 20 days of work per month. (R. 27)

---

[1] As stated above, Bartmas filed his claim prior to March 27, 2017. Consequently, the prior version of Section 916.904 applies. It has since been rescinded. The new version provides that: "Other governmental agencies and nongovernmental entities – such as the Department of Veteran Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers – make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules." 20 C.F.R. §§ 404.1504, 416.904. As a result, for claims filed on or after March 27, 2017, "we will not provide any analysis in our determination or decision about a decision made by any governmental entity about whether you are disabled, blind, employable, or entitled to any benefits." Id. ALJs are still required, however, to "consider all of the supporting evidence underlying the governmental agency or nongovernmental entity's decision that [they] receive as evidence in your claim…." Id.

Similarly, I find no error in the ALJ's treatment of Dr. Harika's opinion. The ALJ gave Harika's opinion little weight because he found it to be internally inconsistent and not supported by or consistent with Bartmas's longitudinal records. (R. 20, 27) These are appropriate reasons for discounting an opinion. See 20 C.F.R. 416.927. Substantial evidence supports his conclusions in this regard. As the ALJ explained, during the time period relevant to this inquiry, Bartmas has received only "routine therapy and medication management." (R. 20) Bartmas routinely received global assessment of functioning scores of 55 during her treatment throughout 2015, which indicates no more than moderate symptoms. (R. 20) Treatment records also describe Bartmas as within normal limits "with respect to her appearance, motor/behavior, speech, thought processes, thought content, and insight and judgment." (R. 20) Further, Dr. Harika believed that Bartmas would be able to manage benefits in her own self-interest. (R. 20)

Consequently, there is no basis for remand on this issue.

(3) Residual Functional Capacity

Here, the ALJ found that Bartmas had the RFC to perform:

> Light work as defined I 20 C.F.R. 416.967(b) lifting up to 20-pounds occasionally and lift or carry up to 10-pounds frequently; where she can stand or walk for approximately four-hours per eight-hour workday and sit for approximately six-hours of an eight-hour workday; where she can frequently reach overhead, handle, finger, and feel; where she avoids concentrated exposure to irritants such as fumes, odors, dusts, and gases; where she is limited to SVP 1-2 jobs, simple, routine, repetitive tasks involving only simple work related decisions and few, if any, work place changes and occasional interaction with the public, occasional interaction with coworkers with no tandem tasks, and occasional supervision.

(R. 21)

Bartmas cites to evidence supporting her contention that the RFC should have included limitations regarding her vision impairment, fibromyalgia, osteoarthritis and carpal tunnel syndrome.[2] Yet the standard is not whether there is evidence to establish a claimant's position. *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of U.S. Dep't. of Health & Human Services*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin*, Civ. No. 15-765, 2016 WL 5871164, at * 18 (M.D. Pa. Oct. 7, 2016). Thus, Bartmas's argument is misplaced. Bartmas seems to suggest again in this section that the ALJ should have weighed the opinion evidence differently as it relates to Dr. Sargent. As set forth above, I have reviewed the evidence of record and, based on the same, I find that there is substantial evidence to support the weight given by the ALJ to Sargent's opinion.

I further find that the RFC determination is supported by substantial evidence of record. The ALJ explained that he imposed lifting, carrying, standing and walking restrictions in order to account for Bartmas's fibromyalgia and osteoarthritis. (R. 21-25) As stated above, Bartmas's routine physical examinations were unremarkable, she had intact muscle strength, normal balance and range of motion, displayed a normal gait, and was able to rise from a chair without difficulty. The ALJ also accounted for Bartmas's carpal tunnel syndrome by a limitation to frequent handling, fingering and

---

[2] Bartmas does not offer any arguments regarding the RFC findings regarding her asthma and allergies, her migraines or her mental impairments. Consequently, I will not address them.

feeling. (R. 24) EMG testing showed only "'mild' right median neuropathy of the wrist" on the right side and none on the left. (R. 24) The ALJ also noted an October 2017 examination in which Bartmas displayed full range of motion in all fingers and full grip strength and which resulted only in a recommendation of wearing a brace at night. (R. 24-25)

Consequently, remand is not warranted on this basis.

(4) Subjective Complaints of Pain

Bartmas also takes issue with the ALJ's evaluation of her subjective complaints of pain. As the ALJ stated, he must follow a two-step process when assessing pain: first, he must determine whether there is a medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms; and, second, he must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning. (R. 21) Pain alone does not establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a). Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). In evaluating a claimant's statements regarding pain, the ALJ will consider evidence from treating, examining and consulting physicians; observations from agency employees; and other factors such as the claimant's daily activities; descriptions of the pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medications; treatment other than medication; and other measures used to relieve the pain. 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p. I must defer to the ALJ's determinations, unless they are not supported by

substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), cert. denied, 420 U.S. 931 (1975).

Here, the ALJ specifically stated that he considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p. " (R. 21) Moreover, the ALJ followed the proper method in assessing Bartmas's symptoms and pain. That is, he first determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Bartmas's pain or other symptoms, then he evaluated the intensity, persistence and limiting effects of those symptoms. (R. 21-29) The ALJ properly compared the medical evidence and other evidence of record, including activities of daily living, to Bartmas's testimony, and found them not to be entirely consistent. (R. 22) For instance, as stated above, despite complaints of disabling pain, Bartmas continuously exhibited normal gait, full or good strength, minimal fatigue, fairly mild symptoms, and normal range of motion. (R. 21-24) Because I find that the ALJ properly assessed Bartmas's pain and that there is substantial evidence to support the ALJ's decision in this regard, remand is not warranted.[3]

(5) Hypothetical

Finally, Bartmas contends that the ALJ improperly rejected the testimony of the VE and relied upon an incomplete hypothetical question. Bartmas's contentions are

---

[3] Bartmas's argument is neither well-developed nor supported by any citation to the record. She alleges that "the overwhelming evidence supports the conclusion that Plaintiff has had severe pain and that the complains by Plaintiff wee entitled to great weight." *See* ECF Docket No. 14, p. 24. Again, as stated above, this is the wrong standard. The issue before me is whether the ALJ's decision is supported by substantial evidence of record. Bartmas makes no effort to demonstrate that it is not. Consequently, I find it to be entirely unpersuasive.

unpersuasive. An ALJ is only required to accept the responses that accurately reflect a claimant's impairments. See *Podedworny v. Harris*, 754 F.2d 210, 218 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, as set forth in the preceding sections, the record reveals substantial evidence that the hypothetical questions the ALJ adopted accurately reflected Bartmas's impairments. Consequently, I find no error on this issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBYN M. BARTMAS, )
    Plaintiff, )
  -vs- ) Civil Action No. 19-133
)
ANDREW M. SAUL, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 5th day of March, 2020, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 16) is GRANTED and the Motion for Summary Judgment (Docket No. 13) is DENIED. It is further ORDERED that the Clerk of Courts mark this case "Closed" forthwith.

                                BY THE COURT:

                                /s/ Donetta W. Ambrose
                                Donetta W. Ambrose
                                United States Senior District Judge